## WALD v. EAGLE INDEMNITY CO. et al.

### No. 12700.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1949.

Rehearing Denied Jan. 3, 1950.

Marshall Spivey, Bryan, Tex., Harry Susman, Houston, Tex., for appellant.

Ben Connally, Houston, Tex., for appellee.

Before HUTCHESON and RUSSELL, Circuit Judges and DOOLEY, District Judge.

HUTCHESON, Circuit Judge.

The suit on a performance bond was for $16,132.26 loss suffered by the owner through the failure of the contractor to complete an apartment building as agreed in time, and for the contract price, with extras, of $24,069.72.

The claim was: that after plaintiff had made considerable payments on the contract, the contractor defaulted and abandoned the job; that the surety, though notified of the default and abandonment, took no steps to carry out the contract and complete the job as agreed; that plaintiff was compelled to take over and finish the job at a cost of $39,229.17, $15,159.45 in excess of the contract price for which he sues, plus liquidated damages of $1620.

The defendant Gluck answered, denying generally that he had defaulted on his contract, and by answer and by counterclaim, alleging that plaintiff had defaulted and that as a result thereof, defendant had been obliged to abandon the contract and had suffered the damage for which he sues.

The surety company, in addition to denying generally the charges of the plaintiff, and specifically that the contractor was at fault, pleaded that, as a result of material changes in the terms of the contract and the manner and time of payment, all as set out in its answer, plaintiff had released the surety company from liability on the bond. It pleaded further: that the claims made by plaintiff were excessive; that the plaintiff greatly enlarged and increased the size of the building; that, if reasonably and fairly conducted, the work of completing the contract ought to have been done for the amount still unpaid on the job; and that all claims of expenditure in excess of the contract price were excessive and unreasonable.

The case was tried to the court without a jury, evidence was fully heard on all the issues tendered, and there were findings of fact and conclusions of law and a judgment that plaintiff take nothing.

Agreeing in his Finding of Fact (c) with plaintiff that the contractor had defaulted, that the surety had failed or refused to take over, and that plaintiff had properly undertaken to complete the job, the district judge yet found, as set out below in Finding of Fact (d):[1] that the claim of the plaintiff

---

1. "(d) There is evidence that at the time Gluck abandoned the job, the work was 66⅔% finished, and there is evidence that it was 75% finished. I find that it was 70% finished at such time, with some material on hand. At that time, Wald had paid $14,843.69, and still owed approximately $9,226.03, on the job, which included some material bills he had guaranteed. As stated, the house was 70% completed. I think the evidence shows clearly that the $9,226.03 plus the material, etc. on hand, was sufficient to finish the house if expended as a reasonably prudent person would have expended it. Wald alleges in his pleading that the total cost of the house was $38,582.08, or $14,512.36 more than the

was unreasonable; that the amount still due on the contract when the contractor defaulted was sufficient, when properly expended, to finish the job; and that plaintiff ought not to recover.

On the issue of liquidated damages for delay, he found, as set out in detail in his Finding of Fact (e) that the contractor was not at fault for the delay.

On the issue made by the surety that, by the making of material changes in the contract, it had been released, he found, as set out below in Findings of Fact (f), (g) and (h),[2] that there were no material changes in the contract and that nothing had occurred to release the surety.

On the contractor's counterclaim against plaintiff, he found against Gluck and in favor of Wald.

From the judgment against him, plaintiff has appealed.

Here, pointing to the evidence of those who finished the job, that all the materials and labor paid for by plaintiff Wald, after the contractor had left the job, actually went into the construction of the building, as claimed by plaintiff, appellant insists that the findings are clearly erroneous and the

judgment denying him any recovery may not stand.

Gluck filed no cross-appeal, nor has he appeared to contest appellant's claims to a reversal.

The surety company, however, is here insisting: that Finding of Fact (d), that the plaintiff had not made out its case for damages, is well supported; that if it is not, the court erred in its findings (f), (g), and (h); and that whatever, therefore, may be done as to appellee Gluck, the judgment must be affirmed as to it, because the making of material changes has released it from its contract.

■ Bearing in mind that the case having been tried to the judge without a jury and largely upon oral evidence, we may not, upon mere disagreement with the judge's findings of fact, set them aside or reverse a judgment based upon them, we have carefully considered the record to determine whether, as claimed respectively by appellant and appellees, the findings complained of are clearly erroneous.

■ As to Findings of Fact (f), (g), and (h), of which the surety complains, we are in no doubt that they are well supported

---

amount he was obligated to pay therefor. At the trial, he brought forward Exhibit 10, which he claims shows that the total cost was $39,229.17, or $15,159.45 more than the amount he was obligated to pay, therefor. Either figure is unreasonable. As stated, I think and find that the $9,226.03 was amply sufficient to finish the house.

"Going into the matter more in detail. Wald gave very little attention to finishing the house. The matter was allowed to drag. I am not convinced by the evidence that all of the material which it is claimed is included in Exhibit 10 went into the house, nor am I convinced that all the laborers mentioned therein worked on the house all the time claimed. Further it is perfectly clear that the house could have been completed in about six weeks from and after October 14, 1946, and that the time taken to complete the house—about five months—was an unrea-

sonable time. That fact apparently largely increased the labor cost."

2. "(f) Indemnity Company complains of changes made by Gluck and Wald not approved by the Architect. There were some changes, but a careful examination thereof indicates that they were small and unimportant, and Gluck and Indemnity Company have had credit therefor. They are clearly not of sufficient consequence to justify Indemnity Company's being released from its obligation under the Bond.

"(g) With respect to the payments that Wald made to Gluck, of which Indemnity Company in some instances complain. I think all such payments were approved by the Architect and were made with the Architect's approval.

"(h) The debts of Gluck for building material, etc. used in the house which Wald agreed to pay or see paid were small and unimportant, and such action in no way harmed Indemnity Company."

by the evidence, nor in any that under the rule established in Park Presbyterian Church of Italy v. William Cameron & Co., Tex.Com.App., 58 S.W.2d 63, the district judge was right in holding that the surety was not released.

As to finding (c), that the contractor, and not the owner, breached the contract and the surety company failed or refused to take over the completion of the job, and plaintiff was compelled to do so, it is clear that the evidence fully supports this finding, as it does finding (e), that Wald was not responsible for liquidated damages because of unreasonable delay.

When it comes, however, to Finding (d), on which the judgment that plaintiff take nothing is made to turn, we think that in the completeness of its denial of any recovery by plaintiff, it is clearly erroneous. Had it been instead a finding that plaintiff showed himself entitled not to a judgment for the full amount sued for, but to one for a sum less than his demand, we are quite clear that the finding could not have been overturned. In view, however, of the uncontradicted testimony of the foreman and others who worked on the job, identifying each item of material and of labor and showing that it went into the building, we think it clear that a finding, not only that plaintiff did not show that all the sums spent were reasonable and prudently expended but also that there was no loss whatever to plaintiff as a result of defendant's fault, may not stand.

The judgment is, therefore, reversed, and the cause is remanded for a retrial and redetermination of the single issue, the amount in excess of the contract price which plaintiff was required to and did reasonably expend in completing the building in accordance with the contract.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.