AMERICAN WINE CO. v. KOHLMAN et al.

(Circuit Court, S. D. Alabama, Fifth Circuit.  December 11, 1907.)

No. 256.

TRADE-MARKS AND TRADE-NAMES — WORDS SUBJECT TO APPROPRIATION — "AMERICAN."

    The "American Wine Company" cannot be exclusively appropriated as a trade-mark or trade-name, the word "American" being broadly geographical, and its use as a name by a second corporation is not an infringement of trade-mark rights of a prior user, nor does it constitute unfair competition unless it is used fraudulently with the intent and the effect of deceiving the public to the injury of the first user.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 13, 82.

    Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity.  On motion to dismiss bill for want of equity, and on demurrers to bill.

Gregory L. & H. T. Smith, for complainant.
Fitts, Leigh & Leigh, for defendants.

TOULMIN, District Judge.  The substance of the bill of complaint is that the complainant is a corporation incorporated under the laws of the state of Missouri, in and by the name of "American Wine Company"; that, subsequently, it acquired by "letters patent" a trade-mark, the material and principal part of which is the name "American Wine Company"; that under said name complainant has for many years engaged in the business of manufacturing, dealing in, and selling wine, and is still so engaged; that under said name it has acquired an extensive and profitable business, and established a reputation as a reliable manufacturer and dealer in pure and superior wines, which has been of great value to it; that within the past year the defendants have, without any authority or permission from complainant, appropriated and used the said business and corporate name of complainant in its public advertisements, and in issuing and distributing letter heads and envelopes bearing the name "American Wine Company"; that defendants organized a corporation under the laws of the state of Alabama under the corporate name of complainant "American Wine Company"; that they are conducting their business under said corporate name; that the defendants, well knowing the high reputation of complainant, assumed and appropriated the name of complainant for the express purpose of deceiving the public and securing trade that would naturally come to complainant, and that persons were deceived into believing that they were dealing with complainant, when, in truth and in fact, they were dealing with defendants.  The bill further alleges that complainant objects to and complains of the appropriation and assumption of its corporate name and the use of its trade-mark and name, and the deception of the public as aforesaid.  The prayer of the bill is that defendants be enjoined from using the name of the complainant, or conducting any business or making any sales under the name of the "American Wine Com-

pany"; and also prays for such other or further relief as complainant may be entitled to, the premises considered. The case is submitted on motion to dismiss the bill for the want of equity, and on demurrers to the bill.

Geographical terms and words descriptive of the character, quality, or place of manufacture of an article are not capable of monopolization as a trade-mark. To entitle a person to the protection in the use of a name as a trade-mark his right to use it must be exclusive, and not a name which others may employ with as much truth as he who uses it. Burton v. Stratton (C. C.) 12 Fed. 700; Continental Ins. Co. v. Continental Fire Ass'n, 101 Fed. 257, 41 C. C. A. 326; Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581; Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151, 37 L. Ed. 1144; Chemical Co. v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625, 35 L. Ed. 247; Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 9 Sup. Ct. 166, 32 L. Ed. 535; Shaver v. Heller Merz Co., 108 Fed. 831, 48 C. C. A. 48; Elgin Nat. Watch Co. v. Ill. Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365.

"It is one of the fundamental rules of the law of trade-mark that words or even symbols which are descriptive of the kind, quality, nature, properties, or place of manufacture of an article to which the words are applied cannot be appropriated as a trade-mark, as respects that article." Brennan v. Emery-Bird-Thayer Dry Goods Co., 108 Fed. 627, 47 C. C. A. 532.

The word "American" is broadly geographic. Draper v. Skerrett (C. C.) 116 Fed. 206. I am clear on the proposition that the words "American Wine Company" are not in themselves a good trade-mark, and cannot be exclusively appropriated as a trade-mark or trade-name.

It appears from the allegations of the bill and the prayer for specific relief that this suit is based on an alleged infringement of a trade-mark. It, therefore, rests on the ownership of the trade-mark, the title to which is indispensable to a good cause of action. Being of opinion that the complainant has no exclusive proprietary interest in the words of the alleged trade-mark, it is not entitled to the specific relief prayed for.

There is, however, another class of suits based on what is called unfair competition in trade. The sale of the goods of one manufacturer or vendor as those of another is unfair competition, and constitutes a fraud which a court of equity may lawfully prevent by injunction.

In Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997, the court says:

"Undoubtedly an unfair and fraudulent competition against the business of plaintiff, conducted with the intent on the part of the defendant to avail itself of the reputation of the plaintiff to palm off its goods as plaintiff's, would, in a proper case, constitute ground for relief."

But, as said by the court in Draper v. Skerrett, supra:

"To justify a court of equity in interfering, there must be something more than the mere duplication by the one party of the other's trade-name. This is found in the deceptive use of imitative methods of display or other devices by which the public are led into buying the infringer's goods when they in-

tended to buy those of the original producer. The fraud which is thus perpetrated is a legitimate ground for equitable interference, and is the practicable basis of it."

In Elgin Nat. Watch Co. v. Ill. Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365, Mr. Chief Justice Fuller said:

"The essence of the wrong consists in the sale of the goods of one manufacturer or vendor for those of another."

In Canal Co. v. Clark, supra, the court said:

"It is invariably held that the essence of the wrong consists in the sale of the goods of one manufacturer or vendor as those of another. Where a person has so dressed out his goods as to deceive the public into the belief that they are the goods of another person, and so put them upon the market to the manifest injury of that person and of the public, equity will restrain such unfair and fraudulent competition. The plaintiff's rights are to prevent anybody from passing off his goods as the goods of the plaintiff, which is indeed the very substance and kernel of the cases on the subject." Pillsbury-Washburn Flour Mills Co. v. Eagle, 86 Fed. 608, 30 C. C. A. 386, 41 L. R. A. 162; Proctor & Gamble Co. v. Globe Refining Co., 92 Fed. 361, 34 C. C. A. 405.

Unfair and fraudulent competition against the business of another with intent on the part of the offender to avail himself of the reputation of the other, in order to palm off his goods as the goods of the other, would, in a proper case, constitute ground for relief in equity; but false or deceitful representation must be made out. Fraud must be shown. Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997; Goodyear India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 604, 9 Sup. Ct. 166, 32 L. Ed. 535.

"The only basis for a private suit for an injunction against unfair competition is the injury to the property rights of the complainant. The fact that the defendant deceives the public as to his goods by fraudulent means, while an important factor in such a suit, does not give a right of action, unless it results in the sale of such goods as those of the complainant." Am. Washboard Co. v. Saginaw Mfg. Co., 103 Fed. 281, 43 C. C. A. 233, 50 L. R. A. 609.

In the course of the opinion, the court said:

"There are numerous cases in the Reports upon the subject of unfair competition in trade. From the general principle running through them all it may be said that when one has established a trade or business in which he has used a particular device, symbol, or name, so that it has become known in trade as a designation of such person's goods, equity will protect him in the use thereof. Such person has a right to complain when another adopts this symbol or manner of marking his goods so as to mislead the public into purchasing the same as and for the goods of complainant. Plaintiff comes into a court of equity in such cases for the protection of his property rights. The private action is given, not for the benefit of the public, although that may be its incidental effect, but because of the invasion by defendant of that which is the exclusive property of complainant. * * * It is true that in these cases it is an important factor that the public are deceived, but it is only where this deception induces the public to buy the goods as those of complainant that a private right of action arises."

The bill in the case at bar does not proceed upon the ground of unfair competition in trade. There are no facts alleged in the bill which show that any injury has resulted to the complainant, or is likely to result to it. It is not alleged that the defendants are engaged

in the business of manufacturing or selling wine. It is not alleged that they are in any business similar to that of complainant, or that they deal in or sell any goods or product of like kind with those of complainant. It is not alleged that the defendants are selling or palming off, or attempting to palm off, by any particular device, symbol, name, or manner of marking, their goods for those of complainant. There are no facts alleged in the bill showing ground of fraud on the public and on complainant perpetrated by the defendants by intentionally and fraudulently selling or attempting to sell their goods as those of complainant. It is only inferentially alleged that the defendants are selling or trying to sell any particular kind or character of goods. But the gravamen of the complaint is that the defendants have appropriated and assumed to use the corporate and business name of the complainant; and the court is specifically asked to enjoin and restrain them from doing so. I find no facts alleged in the bill that would, in my opinion, authorize the court to grant, under the general prayer of the bill, other or different relief.

In any aspect of the case, as presented by the allegations of the bill, my opinion is that the bill is without equity, and that the same must be dismissed on the motion of the defendant to that effect.

It is so ordered.