## LANE BRYANT, Inc. v. MATERNITY LANE, LIMITED, OF CALIFORNIA et al.

### No. 11940.

United States Court of Appeals
Ninth Circuit.

March 11, 1949.

---

* * * "

Harold A. Black, Philip K. Verleger and McCutchen, Thomas, Matthews, Griffiths & Greene, all of Los Angeles, Cal., for appellant.

H. Miles Raskoff and Gendel & Chichester, all of Los Angeles, Cal., for appellees.

Before STEPHENS, HEALY, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Lane Bryant, Inc., a Delaware corporation, filed an action in the district court against Maternity Lane Ltd., of California, a California corporation, and Jack, junior, Jane and Lucille Lane, and John Doe One and Two alleging acts by them to the injury of plaintiff as summed up in a paragraph of the complaint which we quote:

"The acts of defendants which are complained of herein were done in violation of plaintiff's exclusive right to its trademark 'Lane Bryant' used in connection

with plaintiff's sale of maternity apparel, and with a fraudulent and unlawful intent and design to appropriate the plaintiff's good will by simulating its corporate name and trademark by imitating plaintiff's distinctive advertising and slogans, all for the purpose of thereby unlawfully diverting plaintiff's customers and business to the corporate defendant."

With the complaint plaintiff filed a "Notice of Motion for Preliminary Injunction" supported by affidavits.

The defendants appeared through a "Notice of Motion to Dismiss" " * * * pursuant to rule 12(b) of the Federal Rules of Civil Procedure [28 U.S.C.A.], on the ground that the complaint filed herein fails to state a claim against defendants upon which relief can be granted."

Coincident with the filing of the Notice, defendants filed affidavits entitled "Affidavit of (name of affiant) in support of Defendants' Motion to Dismiss and in Opposition to Plaintiff's Motion for Preliminary Injunction." Counter affidavits were filed by plaintiff directed by their titles solely to the motion for a preliminary injunction.

Thereafter, on January 12, 1948, the court made and caused to be entered as a minute order the following:

"From the complaint and affidavits on file, I cannot see the slightest possibility of a misleading or deceptive statement, insofar as the plaintiff's name or business is concerned, in either the name of the defendants, or the use by the defendants in their business of the words 'maternity', 'mother', 'mother-to-be', 'motherhood', or the picture of a 'stork', or the picture of a clothed pregnant woman. Both the words and the ideas back of them have been so long in the public domain, as well as the use of special clothing during pregnancy, as to preclude relief under the plaintiff's complaint, or the motion for temporary restraining order and the affidavits filed. Nor does the use of the word 'Lane' by the defendant indicate any basis for relief under plaintiff's complaint and affidavits.

"The Motion for Injunction is denied.

"The Motion to Dismiss is granted.

"Defendant will prepare the appropriate Findings and Order * * * on the denial of Injunction and the appropriate Judgment of Dismissal."

Proposed Findings of Facts and Conclusions of Law were filed, on their face applying only to the ruling on the motion for a preliminary injunction. No other Findings of Fact and Conclusions of Law were filed in the case. In its Conclusions of Law the court found inter alia: That the public is not likely to be confused by similarity of names of the parties; That the words and phrases "maternity", "mother-to-be", "mothers-to-be", the picture of a stork, the picture of a clothed pregnant woman are descriptive in character and cannot be appropriated and they have not acquired a secondary meaning associated with plaintiff; That plaintiff has been guilty of laches in seeking to enjoin the use of the name "Maternity Lane"; That plaintiff is not entitled to a preliminary injunction.

A formal order denying a preliminary injunction was filed and a Judgment of Dismissal in the following language was made on the 3rd day of February, 1948, and duly entered:

"The cause came on regularly to be heard upon defendants' motion that the same be dismissed on the ground that the complaint filed herein failed to state a claim against defendants upon which relief can be granted. The Court, having duly heard and considered the affidavits, proofs, papers and arguments of the parties respectively, granted the motion.

"Wherefore, It Is Ordered, Adjudged and Decreed, that the action be and the same is hereby dismissed on the merits, and that defendant recover of the plaintiff its costs."

The appeal herein is from the order denying the preliminary injunction and from the judgment of dismissal.

 It is at once apparent that the court arrived at its conclusion, that the complaint does not state a cause of action, from a consideration of the complaint together with the affidavits filed in connection with the motion for a preliminary injunction and to dismiss the complaint.

In a note to Land etc. v. Dollar et al., 330 U.S. 731, 735, (note 4), 67 S.Ct. 1009, 1011, 91 L.Ed. 1209, it is said: "In passing on a motion to dismiss because the complaint fails to state a cause of action, the facts set forth in the complaint are assumed to be true and affidavits and other evidence produced on application for a preliminary injunction may not be considered." Citing Polk Co. v. Glover, 305 U.S. 5, 9, 59 S.Ct. 15, 83 L.Ed. 6; Gibbs v. Buck, 307 U.S. 66, 76, 59 S.Ct. 725, 83 L.Ed. 1111. (The court may, however, test its jurisdiction by aid of affidavits.) There is, of course, nothing new in the quotation and it only serves here to point up the inescapable conclusion that the trial court has erred unless there is more. And there is more, for in 1946 an addition was made to Rule 12(b), Federal Rules of Civil Procedure, which is as follows:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

"Matters outside the pleading" were presented in the affidavits and therefore it was within the court's power to consider the motion to dismiss as one for a summary judgment to be "disposed of as provided in Rule 56," with "all parties * * * given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Pertinent parts of Rule 56 are as follows:

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that,* except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."* [Our emphasis.]

It is stated in Central Mexico Light & Power Co. et al. v. Munch et al., 2 Cir., 116 F.2d 85, 87, that it is not important whether the motion is called one to dismiss or one for summary judgment. "In any event, the affidavits presented are available on either motion." Citing Federal Rules of Civil Procedure, Rules 6(d), 12(b), 56(e); Palmer v. Palmer et al., D. C.Conn., 31 F.Supp. 861; 1 Moore's Federal Practice 645-647.[1] Since the motion is made under rules authorizing a judgment on summary proceeding, and since the judgment recites that it rests upon the merits as well as upon failure of the complainant to allege a cause of action, it may be that the court so considered it and that the Findings of Fact and Conclusions of Law were intended to apply as well to the judgment as to the order denying the preliminary injunction. Rule 52.

It is, of course, apparent that there is an inconsistency in a given judgment being based upon a summary proceeding and as well upon a ruling that the complaint does not state a cause of action. The former contemplates a decision upon "issues" while the latter contemplates that there are no "issues". With the apparent uncertainties in mind, we shall analyze the status of the judgment from the view point of its having resulted from a summary proceeding and also as having resulted from a finding that the complaint does not state a cause of action.

Firstly, we turn our attention to the latter problem. It is alleged in the complaint which, for the present purpose, we must assume to be true, that plaintiff-appellant acquired the good will, business, and trade-

---

[1] There is no hint in the record that the parties agreed to try the case on the affidavits waiving testimony in open court, and appellant states in its brief that it did not do so.

marks of a New York corporation in 1920 which had been established by Lane Bryant, an individual, in 1900. The enterprise from its inception specialized in sale of maternity and stout women's apparel under the name of "Lane Bryant" through its retail stores and by an extensive mail order business in the United States and Canada. It operates seven stores and, by subsidiary organizations, operates a number of additional stores but none west of the state of Iowa. Commencing in 1911, "Lane Bryant" was used as a common law trademark and upon application October 20, 1927, trademark thereof was issued by United States Patent Office as of February 14, 1928. Large sums have been expended in advertising and more than 50,000 mail order catalogues were mailed to plaintiff's consumers in California during 1938 and through the spring of 1947. Plaintiff and its predecessor have used the words and phrases "maternity", "Mothers-to-be", "Mother-to-be" continuously since 1918 in connection with the name "Lane Bryant". Plaintiff has many customers in Los Angeles, California. The words and phrases above mentioned have acquired a secondary meaning throughout the United States whereby the public associates such name, words and phrases, when used as described, as referring to and meaning plaintiff.

In 1946 appellee, "Maternity Lane Ltd., of California", was established and has ever since operated a retail store in Los Angeles, California, with large neon sign and window signs containing words "Maternity Lane" in script resembling that used in plaintiff's trademark and corporate name. Appellee has been and is soliciting a mail order business throughout the United States by advertising. After alleging the facts in more detailed form than we have set them out, the complaint contains the following:

"By the adoption and exploitation of the corporate name 'Maternity Lane Ltd. of California', which the defendants frequently shorten to 'Maternity Lane Ltd.', defendants in the conduct of their business are endeavoring to pass themselves off as being connected with plaintiff in a manner and with the intent to deceive the public, and to cause the public to believe that maternity apparel sold by plaintiff can be purchased at the retail store of said defendant or by mail order from it. As an illustration of defendants' conduct, they have copied and repeatedly used the phrase 'Mother-to-be' and in at least one instance, which has come to plaintiff's attention, an advertisement of the corporate defendant copied said phrase in the identical script which plaintiff had developed and adopted therefor."

The complained of practices were protested by plaintiff to defendants without avail.

A complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief * * *" Rule 8(a) (2), Federal Rules of Civil Procedure. It is not required nor is it good pleading to allege extensive details of facts. We are of the opinion that the allegations of facts are sufficient to entitle the plaintiff to his day in court and to be put upon his proof as to to facts and, under California law, as to whether acts of defendants well proved, are reasonably certain to wrongly injure plaintiff.

We cite a few leading California cases bearing on principles which are brought into play by this action. As is said in Weinstock, Lubin & Co. v. Marks, 109 Cal. 529, 540, 42 P. 142, 145, 30 L.R.A. 182, 50 Am.St.Rep. 57, "We think the principle may be broadly stated that when one tradesman resorts to the use of any artifice or contrivance for the purpose of representing his goods or his business as the goods or business of a rival tradesman, thereby deceiving the people by causing them to trade with him when they intended to and would have otherwise traded with his rival, a fraud is committed,—a fraud which a court of equity will not allow to thrive." That the words and phrases used in common by both parties are common expressions in general use is not an absolute defense to charges of unfair trade practice, is well established. The principle is exceptionally well stated in Banzhaf et al. v. Chase, 150 Cal. 180, 182, 88 P. 704, 705, wherein the defendant was enjoined from selling bread under the name "New Homestead", the plaintiff having sold bread for many years under the name "Old Home-

stead": "The words 'Old Homestead,' or 'Homestead,' may, and perhaps do, suggest that the bread on which they appear is asserted to be similar to that made in the ordinary old homestead. * * * But we may concede that the words are descriptive in character and relate to quality, and hence that, under section 991 of the [California] Civil Code, they cannot be appropriated by any person as his own, so as to give him a right to prevent their use by another to his injury, regardless of the motives or purposes of the other in so using it." See The Modesto Creamery v. Stanislaus Creamery Co. et al., 168 Cal. 289, 142 P. 845, wherein butter was labeled "Modesto".

■ It does not appear that an evil intent is necessary to relief. In Dodge Stationery Company v. J. S. Dodge et al., 145 Cal. 380, 390, 78 P. 879, 883, Dodge Stationery Company obtained the restraint of the term "J. S. Dodge Company". The opinion contains a paragraph reading as follows: "It appears also to be immaterial, in this connection [lacking in fraudulent intent], whether or not such term 'Dodge' was used on the signs with actual fraudulent intent. If the natural and necessary consequence of said defendant's conduct in this respect was such as to cause deception, said defendant, knowing the facts, must be held to the same responsibility as if it acted under the honest impression that no right of the plaintiff was invaded." And in Academy of Motion Picture Arts and Sciences v. Benson, 15 Cal.2d 685, 691, 104 P.2d 650, 653, the court made the following statement: "* * * The defendant has adopted a name which prima facie is broad enough in its concept to be mistaken by the *ordinary unsuspecting person* [our emphasis] for the institution created by the incorporators of the plaintiff. The plaintiff has stated a cause of action which, if supported by proof, would entitle it to the relief sought, or which would require the defendant to alter her trade name by some designation calling attention to the limited scope of her school in order to prevent confusion with the institution or society represented by the plaintiff—as stated by Justice Holmes in Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U.S. 554, 559,

28 S.Ct. 350, 352, 52 L.Ed. 616, 'so as to give the antidote with the bane'."

■ One's commercial use of his own name may be limited. See Jackman et al. v. Mau, 78 Cal.App.2d 234, 239, 177 P.2d 599, 602: " 'One must use his own name honestly and not as a means of pirating the good will and reputation of a business rival; and where he cannot use his own name without inevitably representing his goods as those of another he may be enjoined from using his name in connection with his business'. Also, it is not necessary as a prerequisite to obtaining equitable relief in cases of this character that the names be identical. It is sufficient if though not identical they are sufficiently similar as to cause confusion and injury." Accord: L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142; Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U.S. 554, 28 S.Ct. 350, 52 L.Ed. 616. And see Brooks Bros. v. Brooks Clothing of California, Ltd., D.C., 60 F. Supp. 442, 449; affirmed by this court, Brooks Clothing of California v. Brook Bros., 9 Cir., 158 F.2d 798.

■ It is not necessary that there be allegations of harm already done. It is sufficient if there are allegations of infringement of a right in order that a cause of action be stated. For an exhaustive treatise on the subject of fair trade and trademarks see Judge Yankwich's opinion in Brooks Bros. v. Brooks Clothing of California, Ltd., supra.

We have said little upon the matter of trademark because the trial court gave its attention mainly, if not wholly, to the issue of fair trade. We believe the trademark issue should not be ruled out of the case at this juncture.

We do not believe the facts set out in the complaint indicate that plaintiff is guilty of laches in bringing its action.

We hold that the court was in error in holding that the complaint does not state a cause of action.

■ We come to the question: Can the judgment be affirmed as one in a summary proceeding? We have already held that a cause of action has been stated by the com-

plaint. The affidavits upon their broadest application do no more than to present to the trier of fact evidence upon material issues. They do not absolve the issues as matters of law. Therefore, the judgment cannot validly be based upon the summary trial by affidavits. The plaintiff-appellant is entitled to have its complaint responded to by answer and both parties are entitled to have the issues tried through the introduction of exhibits and witnesses produced for direct and cross examination.

We recognize that the granting or the denial of a preliminary injunction is primarily a matter of discretion for the trial judge. However, it appears that the findings and conclusions would be somewhat different under the views we have herein expressed, at least as to the statement of a cause of action by the complaint, and for that reason we believe the court's holding should be set aside without prejudice.

Reversed and remanded.