CHAPPELL et al. v. GOLTSMAN et al.

Civ. A. 636–N.

United States District Court
M. D. Alabama, N. D.

Feb. 1, 1950.

Rehearing Denied Feb. 23, 1950.

Henry L. Jennings, of the firm of Jennings & Carter, Birmingham, Alabama, and Francis Hare, of Birmingham, Ala., for plaintiffs.

Rives & Godbold, Montgomery, Ala., for defendants.

CHARLES B. KENNAMER, District Judge.

Plaintiffs, all citizens of the State of Alabama, seek, by bill of complaint, a temporary and permanent injunction to restrain the defendants, all citizens of the State of Alabama and of the middle district of Alabama, from offering for sale products for human consumption bearing the name "Bama", which name the Plaintiffs registered as a trade mark in the United States Patent Office on the 19th day of October, 1946, being Trade Mark Registration No. 219,358.

Plaintiffs are, and have been since 1921, in the manufacture and sale of preserves, jams, jellies, peanut butter, mayonnaise, salad dressing, sandwich spread, relish spread, honey, and apple butter, for human consumption. They began, in 1924, to use the word "Bama" as a trade name affixed to goods manufactured and sold by them, and changed the firm name to The Bama Company in 1928.

Defendants are not, and have never, engaged in the manufacture and sale of any of the items which are manufactured and sold by the Plaintiffs, and the Plaintiffs do not bottle and sell wine. The defendants do bottle and sell, for human consumption, a blackberry wine bearing the label "Bama".

The defendants have filed a motion to dismiss the Plaintiffs' cause of action out of this court, and, without voluntarily submitting to the jurisdiction of this court, filed an answer and counterclaim.

■ This court, having heard counsel for the respective parties, and having carefully considered the briefs furnished by Counsel for the Plaintiffs and Defendants, is of the opinion that the Plaintiffs have no right to the exclusive use of the word "Bama"; that the word "Bama", a nickname for the State of Alabama, is one which, through long general use, has lost all elements of originality and distinctiveness; that such a symbol or devise is available for use as a trade mark for all who, fairly and in good faith, choose to make use of it.

■ Any element of bad faith, unfair competition, or perfidious dealing, is here lacking, the defendants being engaged in a completely different type business to that of the Plaintiffs and the advertising matter and wine labels used by the Defendants plainly show that the wine is bottled by the Alabama Growers Association, Box 990, Montgomery, Alabama. However, in order to minimize the chance of confusion in the future, and to avoid future litigation, this court will require of the Defendants, and it is so ordered, that in the future, all advertising matter and wine labels, in addition to showing that the wine is bottled by the Alabama Growers Association, Box 990, Montgomery, Alabama, plainly show in such advertisements and on such labels that the wine is sold by the Alabama Growers Association or Ben R. Goltsman and Company.

■ Considered in the light of all the attendant circumstances, among which is the significant fact that the word "Bama" has been registered by Curtis Candy Company, Chicago, Illinois, for candy and candy bars, issued June 14, 1929; by H. C. Marshall, Dallas, Texas, for fried pies, issued in July, 1939; by Smith Bakeries, Incorporated, Mobile, Alabama, issued August 21, 1927; and others, it is the conclusion of this court that the Plaintiffs have failed, by the pleadings, to make out a case of trade mark infringement or unfair competition. Burger Brewing Co. v. Maloney-Davidson Co., et al., 6 Cir., 86 F.2d 815.

## Order Of The Court.

It is ordered, adjudged, and decreed by the court that the Defendants' motion to dismiss the Plaintiffs bill of complaint, be, and the same is, granted, and the Plaintiffs' bill of complaint is dismissed with the court reserving jurisdiction to reinstate the bill of complaint and grant the relief prayed for in the event the Defendants fail or refuse, within 30 days after this order is filed, to comply with the courts requirement that all advertising matter and wine labels show that the wine is bottled and sold by the Alabama Growers Association or Ben R. Goltsman and Company.

It is further ordered that the parties Plaintiffs and Defendants be taxed with the cost in this case accruing at their instance, for which execution may issue.

## On Motion to Vacate and Set Aside Order and to Grant Rehearing.

A motion having been filed by the Plaintiffs in this cause to vacate and set aside the order filed on the 1st day of February, 1950 and to grant a rehearing, the court heard oral arguments by Counsel for and against the motion, and Counsel for the respective parties furnished the court with

briefs, and the court has considered and understands the motion.

Plaintiffs in their brief in support of their motion insist the motion should be granted so they could have their day in court to offer evidence that the use made by the defendants in the manufacture and sale of their one product, wine, made from blackberries, is "likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services", which is prohibited by statute. 15 U.S.C.A. § 1114.

Plaintiffs' complaint shows that The Bama Company is engaged exclusively in the manufacture and sale of preserves, jams, jellies, peanut butter, mayonnaise, salad dressing, sandwich spread, relish spread, honey, and apple butter, for human consumption. It is not alleged nor argued that plaintiff has ever in the past, or ever intends in the future, to manufacture or sell wine of any kind.

Defendants, in their answer, plead that the only use made of the name "Bama", is on blackberry wine, and that such wine is sold by the defendants only to the Alabama Beverage Control Board, and the court has judicial knowledge that such wine is sold in Alabama only from State Liquor Stores or from places which have permits from the Beverage Control Board, and that grocery stores, the places in which the plaintiffs products are sold, are not permitted by law to sell wine.

After weighing these facts as established by the pleadings in this case and the affidavits offered in support of defendants answer, this court believes and so finds that the plaintiffs would not be able to offer any substantial evidence or proof of any confusion, mistake, or deception in support of the allegations contained in the bill of complaint.

It is therefore, ordered, adjudged and decreed by the court that Plaintiff's motion to vacate and set aside the original order in this case, made and filed on the 1st day of February, 1950, and to grant a rehearing, be, and the same is, Denied.

It is further ordered that the order made and filed in this case on the 1st day of February, 1950, be, and is amended, as requested by the Defendants, to allow the defendants 90 days from the day the original order was filed within which to comply with the order of the court requiring that all advertising matter and wine labels show that the wine is bottled and sold by the Alabama Growers Association or Ben R. Goltsman and Company.