**CHAPPELL et al. v. GOLTSMAN et al.**

No. 13175.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1950.

McCord, Circuit Judge, dissented.

---

216

Henry L. Jennings, Francis H. Hare, Birmingham, Ala., for appellants.

John C. Godbold, Richard T. Rives, Montgomery, Ala., Beekman Aitken, New York City, for appellees.

Before McCORD, BORAH, and RUS-SELL, Circuit Judges.

BORAH, Circuit Judge.

Plaintiffs-appellants, as the registered owners of the trade-mark "Bama" for various food products including blackberry preserves, blackberry jellies and blackberry jams, brought this suit to enjoin defendants-appellees from using the word "Bama" in connection with the sale of blackberry wine and for an accounting of profits, damages, costs and destruction of infringing labels.

In response to the complaint the defendants moved to dismiss the action on the ground, amongst others, that the complaint failed to state a claim upon which relief could be granted and in support thereof presented the affidavit of Ben R. Goltsman. Also, and without voluntarily submitting to the jurisdiction of the court, the defendants filed an answer and counterclaim.

In their answer defendants admit registration of the trade-mark by plaintiffs but deny validity of the registration because, as they say, it is a geographic expression. They also admit receipt of notice from the plaintiffs to cease and desist from the use of the word "Bama" in the sale of their products. All other averments of the complaint are denied with this notable exception that defendants do not in their answer specifically deny the interstate character of their business. As affirmative defenses the defendants plead and say: (1) That defendants sell no food products under their trade-mark "Bama" but limit their use of the trade-mark exclusively to wines; that plaintiffs do not sell wines but rather sell food products and that the goods of the two companies are not sold in the same stores or in competition and that there does not now exist and there is no reason to expect that there will be any confusion in the minds of purchasers between the goods of plaintiffs and the goods of defendants; (2) that there is such a marked difference in the appearance of the labels that ordinary shoppers would not be confused as to the source of origin of defendants' wine; (3) that the trade-mark "Bama" is the nickname of the State of Alabama and plaintiffs have no right to its exclusive use since they do not allege that said geographical term has secured a secondary significance as designating goods manufactured by the plaintiffs alone and that the term "Bama" is in use by certain named businesses operating in the State of Alabama; and finally, (4) that the goods of the parties are of different descriptive properties and no confusion is likely to result from their sale under identical trade-marks since they are sold in different stores to an entirely different class of purchasers.

A hearing was had on the motion and thereafter the court filed its opinion [1] and

1. Chappell v. Goltsman, D.C., 88 F.Supp. 784

order granting the motion to dismiss. In its opinion the court held that plaintiffs have no right to the exclusive use of the word "Bama", a nickname of the State of Alabama which, through long general use, has lost all elements of originality and distinctiveness, and that such a symbol or device is available for use as a trade-mark for all who fairly and in good faith choose to make use of it. The court further held that any element of bad faith, unfair competition, or perfidious dealings is lacking by reason of the fact that defendants are engaged in a completely different type of business from that of the plaintiffs. Moved by these considerations and "in the light of the attendant circumstances" among which is the fact that there were other registrations of the word "Bama" the court concluded that plaintiffs had failed by their pleadings to make out a case of trade-mark infringement or unfair competition. In its order dismissing the complaint the court retained jurisdiction to reinstate the bill of complaint and grant the relief prayed for in the event the defendants failed and refused within thirty days to comply with the court's requirement that all advertising matter and wine labels show that the wine is bottled and sold by the Alabama Growers Association or Ben R. Goltsman and Company. Upon entry of the order plaintiffs promptly moved that same be vacated and set aside and a rehearing granted on the ground that the court had erred throughout in its findings and had reached a determination in these matters without affording to plaintiffs the opportunity of producing evidence relative thereto. Attached to the motion were three affidavits supportive of the allegations of the complaint, the substance of which were that the word "Bama" as used by plaintiffs had acquired a secondary meaning in connection with products for human consumption and that confusion had already been created in the minds of the public due to the conflicting use of this trade-mark for wine by the defendants; and that the trade-mark registrations cited in the answer were taken out subsequent to plaintiffs' registration and were not used in commerce to any extent

that would lead to confusion. The motion was denied and this appeal followed.

In its memorandum denying plaintiffs' motion to vacate and set aside the original order the court referred to the fact that plaintiffs were demanding their day in court to offer evidence in support of their contention that the acts of the defendants as charged are calculated and intended to deceive the public into the belief that the products sold by the defendants are products placed upon the market by plaintiffs. It noticed the fact that the complaint does not allege and that plaintiffs do not contend that they ever have in the past or ever intend in the future to manufacture or sell wine of any kind. It referred to the recital in the answer that defendants' product is sold only to the Alabama Beverage Control Board, and judicially noticed that such wine is sold in Alabama only from State liquor stores or from places which have permits from the Beverage Control Board, and that the places in which plaintiffs' products are sold are not permitted by law to sell wine. The court then ruled: "After weighing these facts as established by the pleadings in this case and the affidavit(s) offered in support of defendants' answer, this court believes and so finds that the plaintiffs would not be able to offer any substantial evidence in support of the allegations contained in the bill of complaint."

It is apparent that the court accepted as an established fact all of the averments contained in the answer and affidavit of Goltsman and completely disregarded as unimportant the averments of the complaint in respect to the long continued use of the trade-mark; the fact alleged that plaintiffs' trade-mark has become identified with plaintiffs' products and business to the exclusion of all others and has thus acquired a secondary meaning; the averment that the similarity of defendants' trade-mark to the trade-name The Bama Company will and does embarrass and obstruct the business of plaintiffs, cause confusion and mistake, and deceives the public, and that the adoption by the defendants of a trade-mark so similar to plaintiffs' trade-name and

trade-mark is injurious to the reputation, credit, and good standing of the plaintiffs; and last but by no means least, the averments which charge preconceived intention to injure plaintiffs, fraud and bad faith.

Since it affirmatively appears that the affidavit of Goltsman was not excluded but, upon the contrary, was received and considered by the court in arriving at its conclusion, and since the parties agree that the motion granted was defendants' motion for summary judgment, and since there is no claim on plaintiffs' part that the court did not afford them the opportunity to submit counter affidavits, it follows that the motion to dismiss should be treated as one for summary judgment and disposed of as provided in Rule 56,[2] even though the trial court did not denominate it as such.

Rule 12(b)[3] provides that " * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Rule 56(c) authorizes summary judgment only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

█ Rule 12(b) clearly permits a defendant to raise affirmative defenses in bar by a motion to dismiss for failure to state a claim and vests the court with discretion to treat such a motion as one for summary judgment. But disputed issues of fact cannot be resolved by affidavits, nor may affidavits be treated for purposes of the motion for summary judgment as proof contrary to well pleaded facts in the complaint. Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App.D.C. 396, 153

F.2d 647. It is only on the basis of a showing that there is no genuine issue of fact as to the existence of the affirmative defense that the court is authorized to sustain the motion and dismiss the action on that ground. Summary judgment is authorized "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967. It is no part of the court's duty to decide factual issues but only to determine whether there are any such issues to be tried. Hawkins v. Frick-Reid Supply Corporation, 5 Cir., 154 F.2d 88; Lane Bryant, Inc., v. Maternity Lane, 9 Cir., 173 F.2d 559; Butcher v. United Electric Coal Co., 7 Cir., 174 F.2d 1003.

█ We are of the opinion that the District Court erred in not adhering to these principles. It seems clear to us that the basis of the court's opinion was not that there were no genuine fact issues, but rather that there were such issues which it proceeded to decide adversely to appellants, although the motion raises questions of intent, unfair competition and perfidious dealings which ought not to have been disposed of by summary judgment and without trial on the merits.

The order of the District Court will be reversed and cause remanded for further proceedings not inconsistent with this opinion.

McCORD, Circuit Judge (dissenting).

While I believe my learned brothers have correctly stated the law in the majority opinion, I cannot bring myself to agree with the result reached by them in this case. To my mind, an affirmance of the instant case would accord with the rule that a summary judgment is appropriate "where the moving party is entitled to judgment as a matter of law, where it is

---

2. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

3. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

quite clear what the truth is, (and) that no genuine issue remains for trial". See American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732, 735; Cf. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App.D.C. 396, 153 F.2d 647.

Appellants could never attain any right to the exclusive use of the word "Bama", for it is common knowledge that such is the generally used and accepted nickname for the State of Alabama. As such, it has merely geographical and descriptive significance, and is incapable of being exclusively appropriated to the use of anyone. See Elgin National Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365; American Wine Co. v. Kohlman, 5 Cir., 158 F. 830. The geographical significance of the term, "Bama", would certainly seem proper matter for judicial notice, under the rule that "courts will take notice of whatever matters are known, or ought to be generally known, within the limits of their jurisdiction, upon the theory that justice does not require that courts be more ignorant than the rest of mankind." Amer.Jur., Evidence, Vol. 20, p. 48. It undoubtedly satisfies the requirements of the rule as being matter of common and general knowledge; well and authoritatively settled as opposed to doubtful and uncertain; and it is so known and recognized within the limits of the jurisdiction of the court. Amer.Jur., Vol. 20, p. 48, p. 51.

I believe this case should be affirmed because there is no genuine issue presented as to any material fact, and the defendants were therefore entitled to summary judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. I cannot conceive of a trial on the merits of this complaint, no matter how full or fair, which could logically lead to any different result than that reached by the district court, for to my way of thinking the lack of a genuine issue for trial is readily apparent from the pleadings. The charges of bad faith, unfair competition and perfidious dealings as set forth in the complaint are wholly lacking in legal substance and foundation in view of the admitted fact that defendants are engaged in a completely different type business from that of plaintiffs from which no actual unfair competition of the character alleged could legally ensue. Moreover, any showing which plaintiffs might make upon a trial to the effect that the word "Bama" had acquired a secondary meaning in their favor, if any such showing could be made, manifestly could not enlarge a right to the exclusive use of the term which did not theretofore exist.

I conclude solely as a matter of law that in view of the numerous other registrations of the word "Bama" for commercial purposes and its many known trade uses to the public at large, any elements of originality and distinctiveness which may have ever adhered to the expression have long since been lost. I would affirm the judgment, and I therefore respectfully dissent.