**SQUIRREL BRAND COMPANY,**
Appellant,

v.

**BARNARD NUT CO., Inc., Appellee.**
No. 15264.

United States Court of Appeals
Fifth Circuit.
Aug. 9, 1955.

Rehearing Denied Oct. 13, 1955.

Wm. B. Spann, Jr., Atlanta, Ga., Francis W. Sams, Miami, Fla., Cedric W. Porter, Boston, Mass., Francis Browne, Washington, D. C., Alston, Sibley, Miller, Spann & Shackelford, Atlanta, Ga., for appellant. Mead, Browne, Schuyler & Beveridge, Washington, D. C., Heard, Smith, Porter & Chittick, Boston, Mass., of counsel.

Graham C. Miller, Miami, Fla., Miller, Pearson & Miller, Miami, Fla., for appellee. Armand J. Brissette, Jr., New York City, of counsel.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

CAMERON, Circuit Judge.

This appeal presents the question whether the District Court was clearly erroneous in its finding that defendant, in using the picture of a squirrel on its labels and advertising, did not infringe plaintiff's registered trademark and did not unfairly compete with plaintiff. Squirrel Brand Company, appellant, as plaintiff below, sued Barnard Nut Company, Inc., appellee, defendant below, demanding injunctive relief and damages for claimed infringement of its "Squirrel Brand" Trademark and for unfair competition in connection with the manufacture and sale in interstate commerce of nuts, nut meats and candies. The action was based upon the claim that plaintiff had the sole right to use the figure of a squirrel along with the word "Squirrel" and its own trade name on nuts, nut products and candies, and that defendant infringed its registered trademark by the use of the similar figure of a squirrel as a trademark on its competing products.

The District Court entered its Findings of Fact and Conclusions of Law,[1]

1. "1. The Court has jurisdiction of the parties and subject matter.

"2. The plaintiff and cross-defendant is a corporation with principal offices in Cambridge, Massachusetts.

finding that plaintiff was the owner of trademark registrations bearing the picture of a squirrel and the words "Squirrel Brand"; and that defendant likewise used the picture of a squirrel along with its name and catch phrase "Barnard's Nuttee Foods"; but that there would be no likelihood of confusion or mistake as to the source or origin of the goods produced by the respective parties; and that there was no infringement or unfair competition. The Court further found that defendant had advertised and sold its products in Florida prior to plaintiff's beginning business there. From the judgment entered for the defendant upon those findings, plaintiff appeals.

Appellant claims that the findings of the court below are clearly erroneous and that the evidence plainly shows that the

"3. The defendant and cross-plaintiff is a corporation with principal offices in Miami, Florida.

"4. Both parties are engaged in the processing and sale of nuts.

"5. On January 8, 1889, Francis H. Leggett & Co. registered in the U. S. Patent Office a trade mark, which in part consisted of a picture of a squirrel and the words 'Squirrel Brand'. This trade mark was assigned to P. G. Gerrish, former president of plaintiff.

"6. On December 21, 1909, the plaintiff registered in the U. S. Patent Office as a trade mark the words 'Squirrel Brand.' This registration was renewed to the plaintiff on December 21, 1949.

"7. On October 5, 1915, Powells registered in the U. S. Patent Office a trade mark, which consisted in part of a picture of a squirrel and the words 'Squirrel Brand'. This trade mark was ultimately assigned to Plaintiff.

"8. On October 30, 1934, plaintiff registered in the U. S. Patent Office as a trade mark a picture of a squirrel.

"9. Plaintiff has used such trade mark or marks in commerce in connection with the sales of its products since on or about the year 1888 and has expended large sums in advertising its products under such trade mark or marks.

"10. On April 1, 1950, defendant registered in the Office of the Secretary of State of the State of Florida a trade mark which consisted in part of a picture of a squirrel and the words 'Barnards Nuttee Foods'.

"11. The defendant has used such trade mark in the State of Florida since on or about the year 1934 and has advertised its products under such trade mark and its sales have been quite extensive over the southeastern area of Florida.

"12. Plaintiff's products have been sold in Florida since on or about the year 1935. Its sales have not been extensive.

"13. The plaintiff's labels have thereon, in a circle, in the middle of such labels, a picture of a squirrel, and in prominent letters immediately above such picture the word 'Squirrel' and in smaller letters the word 'Brand'.

"14. The defendant's labels have thereon, in a circle, at the top of such labels, a picture of a squirrel, and in prominent letters running from the side of such label into said circle the word 'Barnards'. On the opposite side of the label are the words 'Nuttee Foods'.

"15. The color make-up of plaintiff's and defendant's labels are not similar.

"16. Upon inspection of the labels of plaintiff and defendant, the producer of the particular product clearly appears thereon.

"17. On all products produced, plaintiff's and defendant's names appear prominently on the container.

"18. There was no fraudulent intent on the part of defendant to appropriate to its use plaintiff's trade mark. Defendant at the time of the adoption of its trade mark had no knowledge of plaintiff's trade mark.

"19. After full consideration of all of the testimony and inspection of the various labels on plaintiff's and defendant's products, and of all exhibits, the Court finds that there will be no confusion or mistake or likelihood of confusion or mistake as to the source of origin of the goods produced by the parties.

"Conclusions of Law:

"1. There is 'infringement of trade mark' only if words or designs used are identical with or so similar to the alleged infringed trade mark that confusion or mistake or likelihood of confusion or mistakes as to the source of origin of the goods would result.

"2. Defendant's labels or marks are not an infringement of plaintiff's trade mark.

"3. Plaintiff's labels or marks are not an infringement of defendant's trade mark.

"4. A final decree should be entered dismissing plaintiff's complaint and dismissing defendant's cross-complaint.

"5. Each party shall pay its own costs.

"Dated at Miami, Florida, this 29th day of October, 1953."

use by appellee of the figure of a squirrel is an undoubted infringement of appellant's trademark giving rise to the likelihood of confusion and mistake as to the source or origin of the respective products; that indisputable documentary evidence required a finding as against purely oral testimony that appellee was not using its trademark in Florida prior to the beginning of appellant's business there. Appellant further refutes vigorously appellee's claim that the use of the figure of the squirrel was merely descriptive and not the proper subject of trademark registration.

█ A clear-cut issue of fact was developed in the court below with respect to each of the issues framed by the contentions of the parties. The case was tried by the same experienced judge who tried Pure Foods v. Minute Maid Corp., infra, so much relied upon by appellant; the hearing was a long one, both sides introducing many depositions and many witnesses to testify orally, and the exhibits totaled more than one hundred. At the conclusion of the hearing the court below entered its findings and conclusions, as set out above, and these must stand unless we can say that they were clearly erroneous. That we are not warranted in doing under the evidence before us.[2]

█ We have examined the documentary evidence, the testimony of the witnesses who gave their depositions and have compared and contrasted the oral testimony of the witnesses, ascribing to each kind of evidence the weight and merit according to standards clearly recognized in this court,[3] and find that there is substantial credible evidence to support the court's finding in each instance, including the prior use of the squirrel image by appellee.

The field of trademark infringement and unfair competition has furnished a large body of litigation and the cases are almost without number. No good purpose will be served by trying to analyze them and to relate this case to those thought to bear a close resemblance to it. Both parties have done this in their briefs, and we have read the cases and have found none which is determinative of the questions here. Appellant cites many cases where injunctions have been granted and where findings have been made in favor of litigants claiming infringement. The trouble is that the court below found the facts here in favor of the appellee and against infringement. The court below did not render a written opinion, but it tried the case fairly and expertly and reached conclusions which we find to be quite consonant with the evidence before it.

██ It may be that the court below found it as difficult as we have to visualize as ubiquitous and peripatetic a creature as a squirrel, inured to the free life of a nomad, being leashed or hemmed in and made the subject of monopoly. Such an effort awakens mental reactions not unlike those which led this court to refuse to permit the word "Bama" to become the exclusive property of one manufacturer.[4] It is noteworthy in that con-

2. "Under the circumstances of each case, it depends on whether 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' [Citing cases.] The burden is especially strong when the trial court has had the opportunity, not possessed by the appellate court, to see and hear the witnesses, to observe their demeanor on the stand, and thereby the better to judge of their credibility. [Citing cases.] The burden is lighter, much lighter, when we consider logical inferences drawn from undisputed facts or from documents, though the 'clearly erroneous' rule is still applicable." Galena Oaks Corp. v. Scofield, 5 Cir., 1954, 218 F.2d 217, at page 219. See also: Graver Tank & Mfg. Co. v. Linde Co., 1950, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097; Parr v. Schofield, 5 Cir., 1950, 185 F.2d 535; Wald v. Eagle Indemnity Co., 5 Cir., 1949, 178 F.2d 91.

3. Shepherd v. Mahanna, 5 Cir., 1955, 220 F.2d 737; Galena Oaks Corp. v. Scofield, supra; Chappell v. Goltsman, 5 Cir., 1953, 197 F.2d 837.

4. Chappell v. Goltsman, D.C.M.D.Ala., 1950, 88 F.Supp. 784, reversed, 5 Cir., 1950, 186 F.2d 215; Chappell v. Golts-

nection that appellant urges, as its basic position, that it has so pre-empted the field with its trademark that it can prevent any person from using any squirrel in any position in any portion of its printed matter in connection with any products which are competitive with appellants.

This contention fails to grasp that, fundamentally, deception, actual or probable, is the essence of an action for infringement or unfair competition.[5] The test is whether there is a probability that the average person will be so confused by the use of the device complained of as to believe that the products offered by the infringer were produced by the trademark owner,—that there is likelihood that prospective purchasers will be misled to appellant's damage.[6] The application of these tests to the facts before us do not lead to the conclusion that appellee was using a colorable imitation of appellant's trademark so as to bring about confusion or deception on the part of the average prospective purchaser.

■ We begin with the finding of the court below, established by clear and convincing evidence, that there was no guilty knowledge on the part of appellee, no purpose or intent to deceive or to attempt to pass off its goods as being those of appellant. While guilty knowledge or fraudulent intent are not essential elements of infringement of a trademark,[7] they are entitled to considera-

tion.[8] Also, appellee has never used the *name* "Squirrel", so that there is no confusion of names with appellant's. Moreover, appellee has universally used its own name, projecting it into the circular background framing the squirrel image, and has stressed prominently its own coined phrase "Nuttee Foods".

The ordinary purchaser, buying under usual conditions and exercising the normal care used in such activities, would, upon looking at appellant's wares, be challenged by the words "Squirrel Brand" in bold letters and constituting the most conspicuous portion of appellant's label. The same purchaser, looking upon appellee's products, would normally find the words "Barnards Nuttee Foods" as constituting the heart of appellee's descriptive matter. The only thing common to both is the picture of a squirrel. The pictures used do not bear a marked similarity. Naturally both show the squirrel sitting, as squirrels have always of necessity sat, on its haunches with the nut in its forepaws. The court below held, and we agree, that the likelihood of confusion or deception is not present. We are unwilling to hold that, under the facts in this case, appellee cannot make use of the image of the cunning and engaging little vagrant so universally associated in the public mind with nuts.

■ While the court below did not make a finding with regard to whether the figure of a squirrel was common

man, D.C.M.D.Ala., 1951, 99 F.Supp. 970, affirmed and modified, 5 Cir., 1952, 197 F.2d 837.

5. Nebraska Consol. Mills Co. v. Shawnee Milling Co., 10 Cir., 1952, 198 F.2d 36; Benrose Fabrics Corp. v. Rosenstein, 7 Cir., 1950, 183 F.2d 355; Speed Products Co. v. Tinnerman Products, 2 Cir., 1949, 179 F.2d 778; General Finance Loan Co. v. General Loan Co., 8 Cir., 1947, 163 F.2d 709.

6. McLean v Fleming, 1877, 96 U.S. 245, at page 251, 24 L.Ed. 828; Telechron, Inc., v. Telicon Corp., 3 Cir., 1952, 198 F.2d 903; LaTouraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 1946, 157 F.2d 115; Avrick v. Rockmont Envelope Co., 10 Cir., 1946, 155 F.2d 568; Coca-Cola Co. v. Carlisle Bottling Works, 6 Cir., 1930, 43 F.2d 119.

7. Thaddeus Davids Co. v. Davids Mfg. Co., 1914, 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046; Telechron, Inc., v. Telicon Corp., supra; Tyree Chemist v. Thymo Borine Laboratory, 7 Cir., 1945, 151 F. 2d 621.

8. United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 1940, 111 F.2d 997; Broderick & Bascom Rope Co. v. Manoff, 6 Cir., 1930, 41 F.2d 353.

property by reason of being merely descriptive of appellee's business as a dealer in nuts and nut products, the parties argue this question vigorously here. Appellant argues that its adoption of the squirrel figure and the squirrel name represented a purely fanciful and arbitrary choice; while appellee contends that the squirrel as a symbol is reasonably indicative and descriptive of the nut business, and that a squirrel conveys to the public the instinctive impression and signification of nuts, and that this connotation or association is natural and universal.[9] It is not necessary to go into a technical consideration of the exact meaning of the word "descriptive", as applied to this phase of infringement suits, but it is clear that, as related to the facts of this case, appellee's argument is much more convincing than that of appellant.

What we have said rejects also the idea of any secondary meaning as contended for by appellant as inhering in its trademark. Certainly the use of the name and the figure of the squirrel do no tend to bring to the public mind, not the product primarily but the producer,—a test frequently applied in considering whether there is secondary meaning.[10]

Nothing said here is out of harmony with the decisions of this court [11] urged upon us by appellant. This case and those cases all involved questions of fact to be determined by the attending circumstances of each case.[12] The court below gave close and painstaking consideration to the facts as they unfolded before it, and we have reviewed them carefully. We agree with the conclusions reached by the District Court and the judgment is, therefore,

Affirmed.

---

9. "'* * * no one can appropriate as a trademark a generic name or one descriptive of an article of trade, its qualities, ingredients, or characteristics, or any sign, word, or symbol which, from the nature of the fact it is used to signify, others may employ with equal truth.'" Standard Paint Co. v. Trinidad Asphalt Co., 1911, 220 U.S. 446, at page 453, 31 S.Ct. 456, at page 457, 55 L.Ed. 536.

10. Cf. Kellogg Co. v. National Biscuit Co., 1938, 305 U.S. 111, 59 S.Ct. 109, 83 L. Ed. 73.

11. Pure Foods, Inc., v. Minute Maid Corp., 5 Cir., 1954, 214 F.2d 792; John Walker & Sons v. Tampa Cigar Co., 5 Cir., 1952, 197 F.2d 72; Tampa Cigar Co. v. John Walker & Sons, 5 Cir., 1955, 222 F.2d 460; Bulova Watch Co. v. Steele, 5 Cir., 1952, 194 F.2d 567.

12. Ib. and Chappell v. Goltsman, 5 Cir., 1952, 197 F.2d 837.