JERRY E. SMITH, Circuit Judge,
dissenting:
I respectfully dissent from the well-penned majority opinion. “I see two” women, “or mine eyes deceive me.” William SHAKESPEARE, THE COMEDY OF ERRORS, act V, sc. 1. My disagreement is narrow but deep: No one reasonably will confuse PRMI’s Girl with a Hat Design with ARI’s Girl Design. They just do not look even remotely the same. Because it was clear error for the district court to find likelihood of confusion, we should reverse and render judgment for defendant.
Using an “eyeball test,” Exxon Corp. v. Tex. Motor Exch., Inc., 628 F.2d 500, 504 (5th Cir.1980) (quoting 2 J. MCCARTHY, Trademarks and Unfair Competition § 237:7 (1973)), compare the two marks:
*342 [[Image here]]
True, each depicts a female of indeterminate age wearing a collar, but that is where the similarity ends.
ARI’s Girl Design pictures a hatless Asian woman in a red kimono. In one hand she holds a rice bowl, with the rice snugly in the bowl, and in her other hand are chopsticks. She appears to be wearing earrings. Her hair is smooth; her face, like her shoulders, is narrow. She greets would-be buyers at an angle, showing that satisfied grin that comes only from a good bowl of parboiled, American long-grain rice.
Then look at PRMI’s Girl with a Hat Design. It too has a woman, but she is not Asian. Her clothes are black. She is wearing something on her head, perhaps a hijab. Her shoulders are reminiscent of Tim Tebow’s. Both of her hands grasp the large, overflowing rice bowl. There are no chopsticks. Her collar is dissimilar. Her hair is wavy, not smooth, and we do not know how it is styled, because it is covered. Her round face with toothy smile looks straight-on, like a mug shot.
Though we review marks “as a whole rather than simply comparing individual features of the marks,” id. at 505, it is clear error to say that these designs are similar.[1] The district court was correct that ARI’s Girl Design is more than just descriptive, that ARI’s and PRMI’s products are identical, and that the relevant retail outlets and purchasers are the same, but that is all beside the point. The similarity of these marks fails the “eyeball test,” and “[ojbviously, for picture and design marks (as opposed to word marks), similarity of appearance is controlling.” 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:25 (4th ed. 1996).[2]
*343 The Lanham Act requires that the defendant’s use “is likely to cause confusion, or to cause mistake, or to deceive .... ” 15 U.S.C. § 1125(a)(1)(A). “The law of unfair competition has its roots in the common-law tort of deceit; ,its general concern is with protecting consumers from confusion as to source.” Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 157, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989). We do not find violation unless the infringing mark can confuse consumers, because “[t]he trademark laws exist not to ‘protect’ trademarks but [instead] to protect the consuming public from confusion, concomitantly protecting the trademark owner’s rights to a nonconfused public.” Falcon Rice Mill, Inc. v. Cmty. Rice Mill, Inc., 725 F.2d 336, 348 (5th Cir.1984) (internal citations and quotations omitted). With these standards in mind, these marks are not confusingly similar.
Given how dissimilar are the marks, PRMI is right to note that the principle in Squirrel Brand Co. v. Barnard Nut Co., 224 F.2d 840 (5th Cir.1955), applies. If these marks are deemed confusingly similar, how can PRMI use a woman at all? Even if it is true that ARI introduced into Saudi Arabia an association between a woman’s image and rice, it does not follow that ARI can forbid all other rice sellers from using pictures of women that do not look confusingly similar to ARI’s Girl Design. After all, “ ‘[c]onfusion’ means more than the junior user’s mark merely ‘calls to mind’ the senior user’s mark.” 4 MCCARTHY, supra, § 23:9.
Because there is no likelihood of confusion, I would reverse.

. Because the two pictures do not look the same, it is not surprising that, as the majority admits, no evidence of actual confusion was presented to the district court or suggested on appeal.

. See also Armstrong Cork Co. v. World. Carpets, Inc., 597 F.2d 496, 501 (5th Cir.1979) ("The evaluation of the marks themselves is of course the most important consideration, for it is in their similarity that the roots of the confusion lie.").