**ESQUIRE, Inc., v. ESQUIRE BAR.**

**No. 1361–M.**

District Court, S. D. Florida, Miami Division.

March 26, 1941.

Worley & Gautier, of Miami, Fla., Clarence J. Loftus, of Chicago, Ill., for plaintiff.

Harold Kassewitz and Marion E. Sibley, both of Miami, Fla., for defendant.

HOLLAND, District Judge.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and is a citizen, resident and inhabitant of the State of Delaware, with its principal places of business at New York City, New York, and Chicago, Illinois, and with sales representatives and places of business throughout the United States, including the City of Miami, Florida.

2. The defendant is a corporation organized and existing under and by virtue of the laws of the State of Florida, and is a citizen of the State of Florida, and a resident and inhabitant of the said State and of the Southern District of Florida, with its principal place of business in the City of Miami, Florida.

3. This is a suit of a civil nature in equity, between citizens of different States, for unfair competition, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of Three Thousand Dollars, and for infringement of certain copyrighted pictorial designs.

4. The copyright infringement is based on certain pictorial drawings containing plaintiff's "Esky", bulbous-eyed character, which are component parts of the following copyrighted registrations: Nos. 206,836; 210,926; 244,847; 284,280; 290,727; 323,415; 326,340; 342,528; 345,519; 355,687; 330,010. The Court finds that each and all of these copyrights as to such component parts, are good and valid and

have been infringed by the defendant, both before and after filing the original and supplemental bills of complaint herein.

5. Plaintiff is the owner of the following valid trademarks:

(a) The word "Esquire" as a trademark for its periodical, United States Patent Office Certificate of Registration Number 313,768;

(b) The cover layout of its periodical, United States Patent Certificate of Registration No. 332,149;

(c) The figure of a male character having bulbous eyes and a large bushy mustache, commonly called the Esquire Figure, and nicknamed "Esky", United States Patent Office Certificate of Registration No. 333,539.

6. Plaintiff and its immediate predecessor have been in business continuously since 1933, operating under the name "Esquire," which business primarily relates to a publication of originality, class and distinction, sold under the name "Esquire."

7. The defendant operates an elaborate and decorative establishment on Biscayne Boulevard in Miami, Florida, and after being denied permission to use the name "Esquire," willfully and deliberately adopted said name for and in connection with its place of business, where foods, beverages, wines and liquors are sold to the public. In connection with that business the defendant, commencing about the first of the year 1938, willfully and deliberately featured the name "Esquire" in its signs, on its premises, on its service napkins, on its waiters' jackets, on its menus, and on its wine list. In its advertisements in the Miami papers of general circulation it also featured the name "Esquire," plaintiff's "Esky" symbol, and the Esquire Magazine "cover layout," all duly registered as trademarks in the United States Patent Office, and concurrently therewith willfully and deliberately adopted and reproduced on the interior walls of its place of business the plaintiff's duly copyrighted pictorial drawings and "Esky" design, both before and after the filing of the original bill, first almost exactly, and later in modified form.

8. The plaintiff and its predecessor, to whose rights the plaintiff has succeeded, has built up an extensive and valuable business and good will under its trademark or trade name "Esquire," and that as a result of this good will and extensive sales and advertising by the plaintiff the name "Esquire" has acquired a secondary meaning in the mind of the purchasing public, referring to plaintiff whenever and wherever used in connection with any of the objects or things treated in plaintiff's "Esquire" publication, particularly articles and things of interest to men, including foods, drinks, wines and liquors, clothes, fashions, the theatre, clubs and other places of amusement; that all of the foregoing occurred long prior to the willful adoption of the name "Esquire" by the defendant.

9. The Court finds from the evidence that the defendant's use of plaintiff's name "Esquire" is calculated to, and does, cause the public (not otherwise fully informed) to believe there is some connection between the two, either that the plaintiff owns or controls the business of the defendant, or sponsors it, or has given leave to conduct the business under some contract, and that the defendant's business has the approval of plaintiff, or that the defendant's business is in some manner related to the plaintiff's business, Esquire, Inc., and thereby constitutes unfair competition in violation of plaintiff's rights.

10. Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that in an action to be tried without a jury the Court shall accept the Master's findings of fact, unless they are clearly erroneous. The record in this case clearly supports each and all of the Master's findings, and they are each and all approved and adopted.

11. Defendant's contention of lack of competition is not well founded. Direct competition is not necessary. ·And in fact there is competition in that appeal to tastes is a goal of both parties.

### Discussion

That which strikes me most strongly about this case is the fact that the defendant, right in the beginning, not only adopted the name "Esquire", but adopted the method and means of conveying to the public the thought that the name "Esquire" was connected and identified with the signs and symbols and illustrations so peculiarly belonging to the plaintiff. By decree of Court heretofore certain phases of advertising, and an objectionable manner of spelling the word "Esquire" in script letters, have been enjoined. On this final hearing the defendant seeks to resist

the plaintiff's prayer for enjoining the defendant from using the word "Esquire" in any manner. We do not have here a case where an alleged infringer has voluntarily and normally developed in a certain locality the use of a name, with no secondary meaning, but the defendant has deliberately assumed to use this name and by its method of adoption is shown to have chosen the name "Esquire" because the plaintiff had developed it with a secondary meaning. This wrongful adoption and use in its incipiency cannot now be viewed as innocent, and the defendant should be deprived not only of the use as heretofore decreed, but also of the continued use of the word "Esquire", printed in whatsoever manner, script or otherwise.

The defendant urges that the plaintiff should not have equitable relief because it says the plaintiff comes into Court with unclean hands, and has introduced in evidence various publications of the Magazine published by the plaintiff. The character of the literature is not involved in this case. The plaintiff does not seek to enjoin the defendant from infringing upon, or copyrighting, its published articles. The plaintiff comes into Court showing what the defendant has done and urges that this is wrongful. What articles the plaintiff publishes are only incidental, and are not in the case. The case may be properly likened to a plaintiff seeking injunctive relief against trespassing on plaintiff's real estate, to which, in my opinion, the use of the property upon which the alleged trespass takes place contrary to the terms of some municipal or State law would not deprive the plaintiff of equitable relief to which such plaintiff would otherwise be entitled.

### Conclusions of Law

1. That each and all of the copyrights here sued on are good and valid, and the property of the plaintiff.

2. Defendant has been guilty of willful infringement of component parts of each and all of plaintiff's copyrights here sued on, both before and since filing the original and supplemental bills of complaint herein.

3. Defendant is guilty of willful unfair competition with the plaintiff by its use of the plaintiff's trade name or trade mark "Esquire" and/or its other pictorial designs and trademarks, both before and since the filing of the original and supplemental bills of complaint herein.

4. That plaintiff is entitled to a decree awarding it a permanent injunction, restraining and enjoining the defendant, its officers, agents and representatives, and those in active concert or participation with them,

(a) From using the name "Esquire" or any name confusingly similar thereto;

(b) From using the "Esky" figure, trademark and trade symbol, or any mark confusingly similar thereto;

(c) From using any of the copyrighted works and materials, trademarks and trade names owned by the plaintiff or any of the component parts thereof in connection with its business.

5. That the character of competition in this case, in my opinion, does not entitle plaintiff to an accounting.

6. That the plaintiff within thirty (30) days prepare and submit, after notice, for entry, a formal decree in favor of the plaintiff and against the defendant, not inconsistent with these findings of fact and conclusions of law, at which time the Special Master's fee will be determined.