**JOHN WALKER & SONS, Limited,**
**Plaintiff,**

v.

**TAMPA CIGAR COMPANY, Inc.,**
**Defendant.**

**Civ. A. No. 2009.**

United States District Court
S. D. Florida, Tampa Division.

Sept. 2, 1954.

See also 197 F.2d 72.

Harry B. Terrell and Whitaker, Whitaker & Terrell, Tampa, Fla., for plaintiff. Ellis W. Leavenworth and Leslie D. Taggart, New York City, of counsel.

E. O. Palermo, Tampa, Fla., for defendant.

WHITEHURST, District Judge.

Having considered the evidence and stipulations of the parties, the court makes the following findings of fact and conclusions of law:

Findings of Fact.

1. Plaintiff is a British corporation and a citizen and resident of the United Kingdom of Great Britain and Northern Ireland with an office and place of business at Kilmarnock, Scotland.

2. Defendant is a Florida corporation, a citizen of the State of Florida and a resident of the Southern District of Florida, Tampa Division, with an office and place of business at 2502 Twelfth Street, Tampa 1, Florida.

3. This is a civil action between a citizen of a foreign state and a citizen of one of the states of the United States wherein the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and it is also an action arising under the trademark laws of the United States, Act of July 5, 1946, 60 Stat. 427, 15 U.S.C.A. § 1051 et seq.

4. Plaintiff manufactures Scotch whisky and sells the same in the United States and elsewhere under two trademarks consisting respectively of the name Johnnie Walker and a picture of Johnnie Walker which are owned by plaintiff together with the following registrations thereof in the United States

Patent Office which have all been republished under the Act of July 5, 1946:

| Number | Date | Date of first use |
|--------|------|-------------------|
| 78,556 | June 21, 1910 | 1880 |
| 255,416 | April 23, 1929 | 1910 |
| 307,393 | October 24, 1933 | 1910 |
| 320,563 | January 1, 1935 | 1910 |
| 329,524 | November 5, 1935 | 1934 |

5. In addition to trademark registrations in the United States, plaintiff is the owner of 637 registrations in 128 foreign countries or jurisdictions of trademarks consisting of, or including, the name Johnnie Walker or the picture of Johnnie Walker or both the name and picture.

6. Plaintiff's business was established in 1820 by an individual named John Walker who was succeeded by the firm of John Walker & Sons which was in turn succeeded in 1886 by John Walker & Sons, Limited, a private company, and in 1923 by the plaintiff, a pubic company or corporation of the same name. Plaintiff acquired all of the business, good-will and trademarks of its predecessors.

7. The trademark Johnnie Walker has been used by plaintiff and its predecessors continuously since at least 1880 and in the United States continuously since 1908 except during the period of national prohibition when it was used on whisky imported and sold for medicinal purposes from August 1920 to at least November 1925.

8. The trademark consisting of the picture of Johnnie Walker was intended to represent John Walker, the founder of plaintiff's business, dressed in the garb of an early nineteenth century dandy with top hat, monocle and walking stick. The picture has been continuously used as a trademark in the United States by plaintiff and its predecessors since 1910.

9. Plaintiff's Johnnie Walker whisky is and had been of excellent quality, well and favorably known to the public in the United States and extensively advertised and sold in the United States. From 1908 to 1920 when national prohibition took effect the advertising and sales in the United States were substantial, and since the repeal of national prohibition in December 1933 over $8,-000,000 has been spent in advertising Johnnie Walker whisky in the United States and more than 4,600,000 cases of the whisky have been sold in the United States.

10. The advertisements of Johnnie Walker whisky have appeared regularly in leading newspapers throughout the country and in Time, Newsweek, Colliers, The New Yorker, Fortune, Esquire, Holiday and other leading magazines. The whisky has also been extensively advertised by use of billboards and point of sale displays.

11. The number of "advertising impressions" obtained by Johnnie Walker whisky advertising 1948 through 1953 (the compilations being limited to six years because of the work involved) is conservatively estimated to have been 1,910,643,675 without including the billboard or point of sale advertising. The billboards have been displayed in New York, Chicago, St. Louis, Boston, Minneapolis, Kansas City, Los Angeles, San Francisco and other large cities, and many of them have been illuminated and animated at night, and have shown, when illuminated, the figure of Johnnie Walker in the act of walking or striding.

12. Plaintiff's trademark Johnnie Walker is and has been for many years a famous trademark for whisky.

13. Plaintiff's trademark consisting of a picture of Johnnie Walker is and has been for many years a famous trademark for whisky.

14. Defendant manufactures and sells cigars and has succeeded to any and all rights of Florida Produce Company of Sanford, Florida, in and to the trademark Johnnie Walker for cigars. Florida Produce Company used the trademark from 1920 or 1921 to 1923, its successor J. M. Menendez used it from 1924 to 1946, his successor Peninsular Cigar

Company used it from 1946 to July 1947, and its successor, the defendant, has been using it continuously since July 1947 upon cigars sold in the Southern District of Florida and in interstate commerce. The defendant and each of its predecessors have used the trademark Johnnie Walker without the consent of the plaintiff.

15. From July 1, 1947 to November 28, 1952 defendant sold 489,000 Johnnie Walker cigars to 59 customers including 7 customers in Florida, and spent about $1,000 in advertising Johnnie Walker cigars in trade journals and by giving away samples thereof. There is no evidence or stipulation as to defendant's sales or advertising since November 28, 1952.

16. Defendant sells other brands of cigars and its sales of Johnnie Walker cigars constitute only about 5% of its total sales.

17. Whisky and cigars are closely related in distribution and use. Hotels, restaurants and bars supply cigars as well as whisky to their guests and customers. People frequently smoke cigars while drinking whisky. Pictures of Johnnie Walker smoking a cigar have been used in advertisements of Johnnie Walker whisky. Ash trays and books of matches with the Johnnie Walker name and picture on them have been used to advertise Johnnie Walker whisky.

18. Defendant's use of plaintiff's trademark Johnnie Walker on cigars is likely to cause confusion or mistake or to deceive purchasers as to the source or sponsorship of the cigars, and is likely to create the erroneous impression that defendant's Johnnie Walker cigars are made by, sponsored by, or connected in some way in trade with the manufacturer of Johnnie Walker whisky.

19. Defendant and its predecessors have used the trademark Johnnie Walker with full knowledge of its fame and reputation and with the intention of taking advantage thereof.

20. In conjunction with the trademark Johnnie Walker defendant uses on cigars a colorable imitation of plaintiff's trademark consisting of a picture of Johnnie Walker and this increases the likelihood of confusion as to the source or sponsorship of the cigars.

21. Defendant has used the colorable imitation of plaintiff's trademark consisting of a picture of Johnnie Walker with full knowledge of its fame and reputation and with the intention of taking advantage thereof.

### Conclusions of Law.

1. This is a civil action for trademark infringement and unfair competition.

2. This court has jurisdiction of the parties and the action.

3. The name Johnnie Walker is a valid trademark for whisky and plaintiff is the owner thereof.

4. Plaintiff is the owner of numerous registrations in the United States Patent Office of the trademark Johnnie Walker and trademarks which include the name Johnnie Walker, and each of such registrations is valid and in full force and effect.

5. Defendant has infringed plaintiff's trademark Johnnie Walker and unfairly competed with the plaintiff by using the name Johnnie Walker as a trademark for cigars and in connection with the sale of cigars.

6. Plaintiff is entitled to a decree directing that the defendant be permanently enjoined from using the name Johnnie Walker or any colorable imitation thereof as a trademark for cigars or in any manner in connection with the sale of cigars.

7. Plaintiff is not entitled to judgment for profits or damages in view of a statement in plaintiff's brief that "as defendant's sales to date are not sufficient to warrant the expense of an accounting, plaintiff waives any and all right thereto".