**TAMPA CIGAR COMPANY, Inc.,**
**Appellant,**

v.

**JOHN WALKER & SONS, Limited,**
**Appellee.**

**No. 15342.**

United States Court of Appeals
Fifth Circuit.

May 13, 1955.

E. O. Palermo, Tampa, Fla., for appellant.

Ellis W. Leavenworth, New York City, Harry B. Terrell, Whitaker, Whitaker & Terrell, Tampa, Fla., for appellee. Leslie D. Taggart, Watson Leavenworth Kelton & Taggart, New York City, of counsel.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The pattern of this decision is set by what we wrote when the case was before us on the former appeal,[1] and what the district court did upon remand when he tried the case on the merits. We reversed a judgment which sustained a motion to dismiss and held that the complaint stated good grounds for relief. Upon the trial, the district court found that the evidence supported the averments of the complaint, 124 F.Supp. 254. It remains, therefore, but to affirm unless we can say that its findings were clearly erroneous.[2]

The former opinion sufficiently sets out the facts and they will not be repeated here except in bare outline. Appellee, the whiskey-maker, sought by this action to enjoin Appellant, the cigar-maker, from using its registered trademark, Johnnie Walker, or any colorable imitation thereof.[3]

Based upon the evidence, consisting of stipulations of the facts and many exhibits, the district court found that Appellee and its predecessors had used the trademark Johnnie Walker since 1880, had established it as a famous trademark by extensive advertisement and had built up a favorable and widely-recognized reputation for its Scotch whiskey. The court further found that Appellant had used the trademark Johnnie Walker in the sale of its cigars, and that the manner of such use constituted a colorable imitation of the character used by Appellee in its trademark, and that such use was accompanied by the intention of taking advantage of the fame and reputation of Johnnie Walker, the whiskey character. It further found that such use was likely to cause confusion and to create the erroneous impression that the makers of the whiskey also made the cigars.

The court concluded that the cigar-maker had infringed the valid trademark of the whiskey-maker and should be stopped and entered judgment permanently enjoining the use of the trademark by the cigar-maker. As stated, we are asked to reverse that judgment by holding that the findings and conclusions of the district court are clearly erroneous.

That we decline to do. We have considered the facts as stipulated by the parties and carefully examined the exhibits which are before us, and think the court below was amply justified in its findings, conclusions and judgment.

Our attention is called to a proceeding pending in the United States Patent Office[4] wherein Appellee sought unsuccessfully to prevent the registration of the trademark Johnnie Walker in connection with the manufacture and sale of cigarettes, and copy of the opinion of the Examiner of Interferences has been made available to us. The parties concede that this decision is in no way binding on us, but we have read the carefully written opinion with interest. The facts there involved are different in many material respects from those here, and the decision based upon those facts does not tend to challenge the correctness of the conclusions of the court below in this case.

Being convinced that the district court correctly found the facts and applied the

1. John Walker & Sons, Ltd., v. Tampa Cigar Company, Inc., 5 Cir. May 23, 1952, 197 F.2d 72.

2. Rule 52 F.R.C.P., 28 U.S.C.A.

3. The complaint asked an accounting of profits, damages and other relief, but these items were eliminated by stipulation of the parties before the case was submitted for decision.

4. Opposition No. 30381 to Application No. 567230 styled John Walker & Sons, Ltd., v. The American Tobacco Co., in which the Examiner of Interferences declined to sustain the claim of the opposer, who is the Appellee here, that there was likelihood that the public would confuse the trademark Johnnie Walker as used in connection with the sale of cigarettes with the same trademark used in connection with whiskey sales, even though it was admitted that both cigarettes and whiskey are sold in the same bars, restaurants and hotels. It was stated in the oral argument that this decision has been appealed.

law, and that the judgment entered is right and is in line with the recent decisions of this court,[5] it is

Affirmed.

5. See e. g. Pure Foods, Inc., v. Minute Maid Corp., 5 Cir., 1954, 214 F.2d 792.