**ALLSTATE INSURANCE COMPANY,
a corporation, Plaintiff,**

v.

**ALLSTATE AUTOMOBILE ASSOCIA-
TION, INC., a corporation,
Defendant.**

**Civ. No. 8056–M.**

United States District Court
S. D. Florida,
Miami Division.

March 5, 1959.

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, John H. Wahl, Jr., Miami, Fla., for plaintiff.

Bernard Berman, Miami, Fla., for defendant.

WYCHE, District Judge (sitting by designation).

This is a suit filed by the Allstate Insurance Company seeking an injunction restraining the defendant from using the word "Allstate" in its corporate name and in its business, and for damages alleged to have been sustained by plaintiff in consequence of defendant's infringement of its registered service mark.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

### Findings of Fact

1. The plaintiff Allstate Insurance Company is an Illinois corporation which has registered the service mark "Allstate" on the principal register of the United States Patent Office. Since 1938, it has been continuously engaged in the sale of automobile insurance in the State of Florida, and for many years has

operated not only in Florida, but in all other States of the Union.

2. The defendant Allstate Automobile Association, Inc. was organized as a Florida corporation on October 4, 1956. It has never operated in any other State.

3. In 1956, when the defendant was incorporated, and prior thereto, the plaintiff was one of the largest and best known automobile insurance companies, both nationally and in Florida. It had more than 4,000,000 policyholders and an annual premium volume exceeding $283,000,000, of which more than $6,000,-000 was generated in Florida. Claim payments in that year exceeded $218,-000,000, of which more than $2,000,000 was paid to Florida claimants. In Florida it maintained six offices with more than 280 full-time employees. Since 1947, Allstate Insurance Company has spent more than $20,000,000 to advertise and publicize its name and more than $150,000 of this was spent in Florida during the year 1958. Plaintiff is a subsidiary of Sears, Roebuck and Co. and its insurance is sold in Sears' stores.

4. Defendant's business was in the nature of a motor vehicle club; it furnished maps, routes and travel information with regard to accommodations, restaurants and all things commonly ascribed to a motor club; also where a member was charged, or given a traffic citation, the service was designed to assist him with a bond and bond privileges and to assist him with an attorney, if one were necessary to help him in his defense or his trial of the criminal or traffic violation. Why the name "Allstate" was selected was not known to defendant. Defendant's membership reached the all-time high of 2,500 in October, 1957. None of these is presently in force and it has closed the only two offices it ever operated. It has likewise laid off all of its 29 employees.

5. The District Court has jurisdiction in civil actions asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws. 28 U.S.C.A. § 1338.

6. There was evidence in this case of confusion of the public mind by the use by the defendant of the word "Allstate".

### Conclusions of Law

1. Plaintiff is the owner of the service mark, trade-name and trade-mark "Allstate".

2. Defendant's use of the word "Allstate" in its corporate name and otherwise in connection with its business constitutes unfair competition with the plaintiff in violation of the law. See, Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, Inc., D.C.Pa., 20 F. Supp. 703; Tampa Cigar Co. v. John Walker & Sons, 5 Cir., 222 F.2d 460; Esquire Inc. v. Esquire Bar, D.C.Fla., 37 F.Supp. 875; Sears, Roebuck & Co. v. Johnson, 3 Cir., 219 F.2d 590; Aetna Casualty & Surety Co. v. Aetna Auto Finance, Inc., 5 Cir., 123 F.2d 582.

3. Plaintiff is entitled to an injunction against defendant, its agents, servants, attorneys and employees, restraining them from using the word "Allstate" in its corporate name and otherwise in connection with its business.

Counsel may submit an order accordingly.

I take it from the written memorandum brief of plaintiff that the plaintiff is not interested in monetary damages against the defendant. I, therefore, make no finding concerning this phase of the case.

The question of attorneys' fees was left open for further consideration. Counsel for the parties may have ten days from the date of the findings of fact and conclusions of law in which to submit a memorandum as to what would be reasonable attorneys' fees for plaintiff's attorneys.